**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWCO, INCORPORATED,
Plaintiff-Appellant,

v.                                                                 No. 97-1208

CESSNA AIRCRAFT COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-2896-AW)

Argued: September 29, 1997

Decided: November 12, 1997

Before WILKINS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and THORNBURG, United States District Judge for the
Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Michael Mott, MILES & STOCKBRIDGE, P.C.,
Rockville, Maryland, for Appellant. David Neil Ventker, HUFF,
POOLE & MAHONEY, P.C., Virginia Beach, Virginia, for Appellee.
**ON BRIEF:** John C. Lynch, HUFF, POOLE & MAHONEY, P.C.,
Virginia Beach, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Newco, Incorporated appeals an order of the district court dismissing its action against Cessna Aircraft Company for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). Finding no error, we affirm.

I.

The relevant allegations in Newco's complaint are as follows.[1] Cessna and Newco entered into a written contract for Cessna to sell to "Purchaser" an airplane for $6,295,000, payable in several installments. J.A. 8 (internal quotation marks omitted). Newco's president, Thomas L. Blair, advised Cessna's sales representative, Michael Dwyer, that Newco wanted the unlimited right to assign the contract to a third party. Dwyer represented that such an assignment would be permitted and demonstrated this understanding by handwriting the definition of "Purchaser" in the contract as "Newco, Inc. or assignee." Id. (emphasis added; internal quotation marks omitted). The contract also stated, however, that the "Agreement, including the rights of Purchaser hereunder, may not be assigned by Purchaser except to a wholly-owned subsidiary or successor in interest by name change or otherwise and then only upon the prior written consent of Seller." J.A. 9 (emphasis and internal quotation marks omitted).

When Newco's second installment payment became due, Newco informed Cessna that the payment would not be made until Cessna verified that Newco had an unrestricted right to assign the contract

_____

[1] In reviewing a motion to dismiss for failure to state a claim, we consider well-pled allegations in the complaint as true and construe those allegations in favor of the plaintiff. See Martin Marietta Corp. v. International Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992).

and that until such verification Newco was placing the scheduled installment payments in a segregated account. Cessna refused to accede to Newco's position and ultimately declared Newco to be in default.

Newco subsequently filed this action, alleging that Cessna had repudiated the contract by failing to respond to Newco's request for adequate assurances made in accordance with the provisions of the Kansas Commercial Code. Newco also alleged that Cessna had negligently misrepresented that Newco had an unrestricted right to assign the contract.

The district court held that Newco had failed to state a claim for anticipatory repudiation, reasoning that because the contract unambiguously provided that Newco's assignability rights were not unrestricted, Newco had no reasonable grounds for insecurity and Cessna had no duty to provide Newco with adequate assurance that it would perform.[2] With regard to the negligent misrepresentation claim, the district court held that Newco had failed to state a claim because it had not alleged facts that would give rise to a duty on the part of Cessna not to make negligent misrepresentations.

II.

Newco argues that the district court erred in concluding that the contract was unambiguous, in failing to apply several rules of contract construction, and in refusing to consider extrinsic evidence. We disagree.

In Kansas, "[t]he intent of the parties is determined from the four corners of an unambiguous instrument, harmonizing the language

_____

[2] The parties agree that Kansas law governs the contract issues in this case and that Maryland law applies to the negligent misrepresentation issue. Under Kansas law, "When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return." Kan. Stat. Ann. § 84-2-609(1) (1996).

therein if possible." Hall v. JFW, Inc., 893 P.2d 837, 840 (Kan. Ct. App. 1995). When "the provisions of a written instrument are clear and unambiguous, there is no occasion for applying rules of construction." Desbien v. Penokee Farmers Union Coop. Ass'n, 552 P.2d 917, 922 (Kan. 1976). Similarly, extrinsic evidence cannot be used to contradict or to construe an unambiguous agreement. See TMG Life Ins. Co. v. Ashner, 898 P.2d 1145, 1154 (Kan. Ct. App. 1995). "Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it generally uncertain which one of two or more meanings is the proper meaning." Simon v. National Farmers Org., Inc., 829 P.2d 884, 888 (Kan. 1992). We review the dismissal of a complaint for failure to state a claim de novo. See Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, although the definition of "Purchaser" as "Newco, Inc. or assignee" clearly reflects that the parties contemplated that Newco might assign its rights, nothing in that definition indicates an intention to grant Newco an unrestricted right of assignment. Therefore, in light of the specific contractual language restricting Newco's assignment rights, the district court was correct not to employ rules of construction or consider extrinsic evidence to resolve an ambiguity that did not exist.

Because Newco's insecurity was based on an unreasonable interpretation of the contract, Newco had no right to suspend its own performance. Accordingly, Cessna's declaration of default was within its rights, and the district court correctly dismissed Newco's claim for anticipatory repudiation.

III.

Newco next argues that the district court erred in dismissing the negligent misrepresentation claim on the basis that Newco had failed to allege facts that would give rise to a duty on the part of Cessna not to make negligent misrepresentations to Newco. We affirm, but on a basis different from the one offered by the district court. See United States v. Dorsey, 45 F.3d 809, 814 (4th Cir. 1995) (holding that "an appellate court can affirm a trial court's opinion on different grounds than those employed by the trial court").

Under Maryland law, an action for negligent misrepresentation will lie only when the following five criteria are met:

4

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

Martens Chevrolet, Inc. v. Seney, 439 A.2d 534, 539 (Md. 1982).

Here, because Cessna's representation that Newco had an unrestricted right to assign the contract was directly contradicted by specific language in the contract itself, Newco's reliance on Cessna's representation was unjustifiable as a matter of law. See Foremost Guar. Corp. v. Meritor Sav. Bank, 910 F.2d 118, 126 (4th Cir. 1990) (holding that under Maryland law, "one may not reasonably rely upon an oral statement when he has in his possession a contrary statement in writing"); Call Carl, Inc. v. BP Oil Corp. , 554 F.2d 623, 631 (4th Cir. 1977) (explaining that under Maryland law, a person cannot "reasonably [rely] upon ... statements made in the face of plainly contradictory contractual language"); James v. Goldberg, 261 A.2d 753, 758 (Md. 1970) (ruling that a plaintiff had no right to rely upon allegedly false oral statements that contradicted a written agreement between the parties). The district court therefore correctly dismissed Newco's claim for negligent misrepresentation.

IV.

For the foregoing reasons, we affirm the dismissal by the district court of Newco's complaint for failure to state a claim.

AFFIRMED

5